J-S63010-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MEREDITH DESHAWN PENN, | |
| Appellant | No. 720 MDA 2014 |

Appeal from the PCRA Order April 15, 2014
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0003847-2010

BEFORE: BOWES, PANELLA, and PLATT,[*] JJ.

MEMORANDUM BY BOWES, J.:                    **FILED OCTOBER 07, 2014**

Meredith Deshawn Penn appeals from the order entered April 15, 2014, denying his first counseled PCRA petition. We affirm.

A jury found Appellant guilty of burglary, criminal conspiracy, theft by unlawful taking, criminal mischief, and carrying a firearm without a license. The facts underlying Appellant's convictions involved a break-in at a residence in Salisbury Township, Lancaster, Pennsylvania. Appellant was observed by Michael Moffet fleeing from the residence. The witness initially heard a noise from the home and walked over to investigate. He saw a smashed window and chased Appellant before Appellant entered a Nissan vehicle with a Pennsylvania license plate EXB-5075. Police learned that a

_____

[*] Retired Senior Judge assigned to the Superior Court.

handgun, video games, and money were taken from the home. Further investigation revealed fingerprints belonging to Appellant and Matthew Robles Evans, the owner of the aforementioned car, at the point of entry into the home.

Following the verdict, the court granted a motion for judgment of acquittal on the firearms violation. The court initially sentenced Appellant to four and one-half to fifteen years incarceration. Specifically, it imposed consecutive one-and-one-half-to-five-year sentences on each count of burglary, conspiracy, and theft by unlawful taking. Appellant timely filed a motion to modify his sentence on May 14, 2012. The court granted that motion in part, and directed that Appellant's sentence for conspiracy run concurrent with the burglary charge on July 17, 2012. Accordingly, Appellant's modified sentence was three to ten years.

Counsel for Appellant informed his client of the modified sentence by letter on July 31, 2012. Appellant responded on August 6, 2012, thanking counsel for his representation. Appellant did not ask counsel to file an appeal. Thereafter, on December 28, 2012, Appellant filed a motion to modify and reduce his sentence *nunc pro tunc*, and alleged ineffective assistance of counsel. The court properly treated the motion as a timely PCRA petition, and appointed counsel on January 8, 2013. PCRA counsel filed an amended petition seeking reinstatement of Appellant's appellate rights, and the court conducted a hearing on January 2, 2014.

At the evidentiary hearing, trial counsel testified that Appellant did not ask him to file an appeal, and if Appellant had requested such an appeal, counsel would have filed it. Counsel indicated that he provided Appellant with his appellate rights before the initial sentencing and informed him of the new sentence after the court modified Appellant's sentence. In the letter to Appellant informing him of his new sentence, counsel set forth that Appellant had thirty days to appeal to this Court. The letter also set forth, "I agreed with you that such an appeal was of little benefit and that if we could reduce the sentence of the Court to three (3) year[s] you would be satisfied." Commonwealth's Exhibit 2. As noted, Appellant responded to this letter by thanking counsel. In addition, Appellant requested that counsel provide him with copies of his motions and orders related to the case. Appellant did not ask counsel to file an appeal.

The PCRA court directed the parties to submit briefs and ultimately denied Appellant's petition by opinion and order on April 15, 2014. This timely appeal ensued. The PCRA court directed Appellant to file and serve a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant complied, and the court indicated that its reasons for the denial could be found in its April 15, 2014 opinion. The matter is now ready for this Court's review. Appellant presents one issue for our consideration: "Whether the lower court erred in denying the Defendant's amended PCRA when counsel was ineffective by failing to protect and preserve the Defendant's constitutional right to an appeal?" Appellant's brief at 4.

- 3 -

Appellate review of a PCRA matter is guided by well-ensconced legal principles. Importantly, we evaluate the record "in the light most favorable to the prevailing party at the PCRA level." **Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa.Super. 2014) (*en banc*). In performing this review, we examine the evidence of record and the factual findings of the PCRA court. **Id**. In doing so, "[w]e afford 'great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record.'" **Commonwealth v. Pander**, 2014 PA Super 201, *3 (*en banc*). Of course, "where the issue pertains to a question of law, 'our standard of review is *de novo* and our scope of review is plenary.'" **Henkel**, **supra** at 20.

Appellant asserts that trial counsel was ineffective in failing to adequately consult with him about his appellate rights and file a direct appeal. Appellant's brief at 12 (citing **Roe v. Flores-Ortega**, 528 U.S. 470 (2000); **Commonwealth v. Touw**, 781 A.2d 1250 (Pa.Super. 2001)). In this scenario, this Court in **Commonwealth v. Markowitz**, 32 A.3d 706 (Pa.Super. 2011), outlined the relevant law as follows.

> Where counsel has not advised his client about the client's appellate rights, the question becomes whether that failure caused actual prejudice to the petitioner, *i.e.,* "but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." **Flores–Ortega, supra** at 484, 120 S.Ct. 1029. In analyzing whether there is a constitutional mandate to consult with a defendant about his appellate rights, the Supreme Court opined that a court must determine if "a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this

particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480, 120 S.Ct. 1029. Where a petitioner can prove either factor, he establishes that his claim has arguable merit.

In deciding whether the petitioner suffered actual prejudice, the High Court listed several relevant factors. For example, did the petitioner plead guilty, thereby decreasing the number of appealable issues? *Id.* Pertinent considerations also include any instructions given by the court with respect to the defendant's right to appeal as well as evidence of nonfrivolous grounds for appeal.

*Id*. at 716.

Instantly, counsel did inform Appellant of his appellate rights. He did so when Appellant was initially sentenced and again when he instructed him that he had thirty days to appeal from the modified sentence. Appellant did not demonstrate any interest in appealing; instead, writing to counsel to thank him for his representation.

While Appellant argues that the fact that he wished counsel to file a motion to modify his sentence indicates he wanted to appeal if his motion was not granted in full, we disagree. Counsel expressly set forth in his letter to Appellant that both parties agreed that an appeal was "of little benefit" if his minimum sentence was reduced to three years. Appellant neither refuted that suggestion nor hinted that he desired an appeal. Here, counsel was neither *per se* ineffective for failing to file a requested direct appeal, *cf. Commonwealth v. Lantzy*, 736 A.2d 564 (Pa. 1998), nor ineffective under the traditional ineffectiveness test for not adequately consulting with his client since he did instruct his client as to his appellate rights.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/7/2014